IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00139-MSK-MEH

CATHERINE SMITH,

      Plaintiff,

v.

LAW OFFICE OF KENNETH E. DAVIDSON,

      Defendant.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint [filed September 16, 2010; docket #22]. The matter is referred to this Court for disposition. (Docket #24.) The motion is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons stated below, the Court **GRANTS** Plaintiff's motion.

## I.      Background

Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act, commencing at Section 1692 of 15 U.S.C. ("FDCPA"). (*See* docket #17.) In Plaintiff's Amended Complaint, presently the governing pleading, Plaintiff asserts three claims: 1) a violation of the FDCPA, "in multiple ways" and more specifically, of Section 1692e(2)(A) (docket #17 at 3-4); 2) a violation of the Fair Credit Reporting Act (*id.* at 4-5); and 3) a common law invasion of privacy by intrusion (*id.* at 5-6). Defendant responded to the Amended Complaint with a Motion to Dismiss on April 27, 2010, requesting dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (*See* docket #18.) Plaintiff's proposed Second Amended Complaint also presents three claims, as follows: 1) a violation of Section 1692e(2)(A) of the FDCPA; 2) a violation of Section 1692g(a) of

the FDCPA; and 3) a violation of the Fair Credit Reporting Act. (*See* docket #22-1.) Review of the proposed Second Amended Complaint demonstrates to the Court that Plaintiff wants to drop her claim of common law invasion of privacy by intrusion and add a specific claim of a violation of Section 1692g(a) of the FDCPA, governing notice of debt.

Plaintiff brings her motion pursuant to Fed. R. Civ. P. 15(a)(2). (Docket #23 at 2.) Plaintiff believes that because the discovery deadline in this matter is set at December 15, 2010 and the dispositive motion deadline is January 12, 2011, Defendant would not be prejudiced by amendment at this stage of the litigation. (*Id.* at 3.) Plaintiff asserts that her amendment is premised on information gleaned from the deposition of Mr. Kenneth E. Davidson on August 27, 2010, and obtained through review of Defendant's responses to Plaintiff's discovery requests, issued April 20, 2010. (*Id.* at 3-4; docket #22 at 1, 2.)

Defendant opposes Plaintiff's motion on the bases of untimeliness, undue delay, and futility. (Docket #25 at 1-2.) Defendant points out that the deadline for amendment was June 30, 2010, and Plaintiff allegedly knew of the facts underlying the proposed claim at the time she initiated the lawsuit. (*Id.*) Defendant asserts that in any event, the amendment would be futile, due to a lack of evidence. (*Id.* at 2.)

In reply, Plaintiff cites to Tenth Circuit precedent for her contention that delay itself does not justify denial of a motion to amend. (Docket #26 at 1.) Plaintiff attests that she filed for amendment after deposing Defendant's representative, when she learned that Defendant had "constructive knowledge" that Plaintiff never received a letter demanding payment for the debt at issue. (*Id.* at 2.) Moreover, Plaintiff argues that Defendant would not be prejudiced by the amendment because the proposed claim arises out of the same statutory framework and the same set of operative facts as the governing complaint. (*Id.* at 3.) Regarding Defendant's argument of futility, Plaintiff

2

believes that the proposed claim would withstand a motion for summary judgment as there is a dispute over whether the letter notifying Plaintiff of the owed debt was properly mailed to Plaintiff. (*Id.* at 3-4.)   For the following reasons, the Court finds that justice requires permitting amendment and thus grants Plaintiff's motion.

## II.   Discussion

### A.   *Modification of the Scheduling Order*

According to the Scheduling Order, the deadline for joinder of parties and amendment of pleadings was set at June 30, 2010.  (Docket #15 at 5.)  No extension of this deadline was requested. Because Plaintiff filed her motion after this deadline, granting her motion pursuant to Rule 15(a) would require an amendment of the Scheduling Order.  Thus, the Court employs a two-step analysis. First, the Court evaluates whether Plaintiff demonstrates good cause allowing amendment of the Scheduling Order.  Second, if Plaintiff shows good cause, she must also meet the requirements of Fed. R. Civ. P. 15(a).

A Scheduling Order may be modified only upon a showing of "good cause" under Fed. R. Civ. P. 16(b).  The standard for "good cause" is the diligence demonstrated by the moving party in attempting to meet the Court's deadlines.  *Colorado Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).  "Rule 16 erects a more stringent standard [than Rule 15(a)], requiring some persuasive reason as to why the amendment could not have been effected within the time frame established by the court."  *Id.*  In order to show good cause, Plaintiff "must provide an adequate explanation for any delay" in meeting the Scheduling Order's deadline.  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).

Notably, rigid adherence to the Scheduling Order is not advisable.  *Sil-Flo, Inc. v. SHFC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990).  A failure to seek amendment within the deadline may

be excused if due to oversight, inadvertence or excusable neglect.  *Id.*  Additionally, "[t]he fact that a party first learns through discovery of information which may lead to amendment of deadlines set forth in the Scheduling Order constitutes good cause."  *Riggs v. Johnson*, No. 09-cv-01226-WYD-KLM, 2010 WL 1957110, at *3 (D. Colo. Apr. 27, 2010) (citation omitted).

Although Plaintiff does not recite a Rule 16(b) analysis in her motion, the Court construes Plaintiff's argument regarding undue delay as a basis for modification of the scheduling order's deadline for amendment of pleadings.  Plaintiff represents that the August 27, 2010 deposition of Mr. Davidson, the representative of Defendant, revealed that notice compliant with Section 1692g(a) of the FDCPA was not attached to a November 2008 letter to Plaintiff regarding collection of a debt. (Docket #23 at 3-4.)  Plaintiff states that the notice referred to in the deposition and "in discovery" has not been produced by Defendant.  (*Id*. at 3.)  Plaintiff believes that because she filed her motion for leave shortly after the August deposition, Plaintiff acted in good faith, thus not implicating "dilatory conduct [ ]or undue delay."  (*Id*. at 4.)

Defendant refers to Plaintiff's testimony that she "never received a notification of consumer rights" in support of its contention that Plaintiff knew the basis for the Section 1692g(a) claim when she initiated the lawsuit.  (Docket #25-2 at 4.)  Plaintiff counters this argument by explaining that she "does not solely rely on the fact that she never received the notices."  (Docket #26 at 2.) Plaintiff asserts that the August 27, 2010 deposition testimony provides the primary basis for the proposed amendment, as it demonstrates that the Defendant had "constructive knowledge that Plaintiff never received the initial dun letter."  (*Id*.)

The Court accepts Plaintiff's representation of the basis for the proposed amendment and finds that the discovery of information at the August 27, 2010 deposition constitutes good cause for modification of the scheduling order.

**B.**     *Amendment pursuant to Rule 15(a)*

As stated, if good cause is shown for amending the Scheduling Order, the movant must meet the requirements of Fed. R. Civ. P. 15(a). Once a responsive pleading to the complaint is filed, a party may amend its pleading only by leave of the court or by written consent of the adverse party. *Id.*; *Foman v. Davis,* 371 U.S. 178, 182 (1962). The grant or denial of leave is committed to the discretion of the district court. *See Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). The Court must heed Rule 15's mandate that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2) (2010). *See also Foman,* 371 U.S. at 182; *Duncan*, 397 F.3d at 1315. Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315. *See also Foman,* 371 U.S. at 182.

When evaluating opposition to a motion to amend based on undue delay, the Tenth Circuit focuses primarily on the asserted reasons for delay. *Minter*, 451 F.3d at 1206. Denial based on delay is appropriate "when the party filing the motion has no adequate explanation for the delay," or in instances where it appears the plaintiff utilizes Rule 15 to make the complaint "a moving target." *Id.* (citations omitted). The Court may also deny leave to amend "where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend." *Federal Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987).

As explained above, Plaintiff relies primarily on the deposition testimony given by Mr. Davidson on August 27, 2010, as the foundation for her proposed amendment. The Court found good cause on this basis to modify the scheduling order, and the Court further finds that this is an adequate explanation for the delay in moving for amendment, pursuant to *Minter*.

Regarding an argument of prejudice, touched upon by Defendant and more fully addressed by Plaintiff, the Court agrees that the litigation is still in a manageable stage to add a claim, particularly because the claim arises from the same statutory scheme as stated in the Amended Complaint, and the facts appear to be developed to the point that additional discovery would be minimal.  The discovery cut-off is scheduled for December 15, 2010, the dispositive motions deadline is set at January 12, 2011, and a Final Pretrial Conference before the District Court is six months from now, on May 12, 2011.  The Court believes this is ample time for Defendant to prepare its defense.  *See Minter*, 451 F.3d at 1208 (explaining how "[c]ourts typically find prejudice only when the amendment unfairly affects" a Defendant's ability to prepare a defense, which occurs most often "when the amended claims arise out of a subject matter different from what was set forth in the complaint").

Defendant also argues that the Court should deny the proposed amendment on the basis of futility, as "the proposed amendment cannot withstand a motion for summary judgment."  (Docket #25 at 7.)  Defendant cites to a Ninth Circuit case as "directly on point," *Mahon v. Credit Bureau of Placer County, Inc.*, 171 F.3d 1197 (9th Cir. 1999).  (*Id.*)  Defendant explains that the *Mahon* court found that summary judgment in favor of the debt collector was proper "because the debt collector sent the required notice, even though the consumer may not have received the required notice."  (*Id.*)  In this case, Defendant contends that "Plaintiff has no evidence that the required notice was not sent."  (*Id*. at 8.)  In consideration of Mr. Davidson's testimony that the notice was sent by mail, Defendant contends that the mailbox rule and the plain language of Section 1692g(a) establish as a matter of law that Defendant did not violate the FDCPA's notice requirement.  (*See id*.)

Plaintiff distinguishes *Mahon*, explaining that in that matter, the plaintiffs provided no evidence indicating the debt collector had constructive knowledge that the letter was not effectively sent.  (*See* docket #26 at 3-4.)  Plaintiff argues that the FDCPA does not simply require a notice be sent, because "the mailbox rule cases require that the letter be *properly* mailed."  (*Id.* at 4 (emphasis in original) (citation omitted).)  Plaintiff cites to cases from the Southern District of California and the Northern District of Ohio in support of her position that notice must properly be sent to the consumer.  (*Id.*)  Plaintiff asserts, through her amendment, that notice was not properly sent to her because the November letter sent by Defendant was forwarded to an Oklahoma address and the December letter addressed to the Oklahoma address was returned to Defendant as undeliverable. (*Id.*)  At the least, Plaintiff contends that a genuine issue of material fact exists as to whether notice was properly sent, thus the proposed amendment is not futile as it would survive a motion for summary judgment.  (*Id.* at 4-5.)

The Court finds that the proposed amendment is not futile, given the factual and legal dispute regarding the application of Section 1692g(a) to the facts of this case.  The Supreme Court stated, "[i]f the underlying facts or circumstances relied upon by a [claimant] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  *Foman,* 371 U.S. at 182.  Here, in consideration of Rule 15(a)'s directive to freely give leave when justice so requires, the Court believes that Plaintiff should be afforded an opportunity to test her Section 1692g(a) claim on its merits.[1]

---

[1]The Court further concludes that Defendant's argument raised in its futility analysis is more efficiently raised in the context of a Rule 56 motion, rather than indirectly through opposition of a Rule 15(a) motion.  Considering that the denial of a motion to amend is a dispositive issue that may be only *recommended* by this Court, proceeding under Rule 56 may, at least, avoid one round of objections under Fed. R. Civ. P. 72(a) or 72(b).

**III.    Conclusion**

Accordingly, the Court **GRANTS** Plaintiff's Motion for Leave to File Second Amended

Complaint [filed September 16, 2010; docket #22].  The Clerk of Court is directed to enter the

Second Amended Complaint and Jury Demand located at docket #22-1.

Dated at Denver, Colorado this 5th day of November, 2010.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge